EMMA C. BOETTICHER, HENRY B. JOHNSON, AND CARY D. WATERS, EXECUTORS, ESTATE OF CHARLES J. TAGLIABUE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32095. Promulgated April 16, 1930.

*Henry B. Johnson, Esq.*, for the petitioners.
*L. S. Pendleton, Esq.*, for the respondent.

### OPINION.

TRAMMELL: The issues raised by the petition with respect to the amounts allowable as deductions for executor's commissions, attorneys' fees and miscellaneous administration expenses were disposed of by a stipulation submitted by the parties at the hearing, in which it was agreed that the additional amounts set out in our findings of fact are allowable in determining the amount of the net estate.

The remaining issue is whether the respondent erred in refusing to allow as a deduction $39,346.39 of the amount claimed by the petitioners for previously taxed property.

The petitioners contend that as the actual value of the decedent's gross estate after deducting therefrom the value of previously taxed property, largely exceeded the funeral expenses, administration expenses, debts, claims and other deductions allowable by statute, they are entitled to a deduction of the entire value placed on the previously taxed property by the respondent in determining the value of the gross estate of the prior decedent.

The respondent contends that he did not err in refusing to allow the amount of $39,346.39 as a deduction for previously taxed property, since that amount of the previously taxed property was used to pay claims against the estate which he has allowed as deductions in determining the net estate.

Section 403 of the Revenue Act of 1921 provides in part as follows:

That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property * * * as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes;

(2) An amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent where such property can be identified as having been received by the decedent from such prior decedent by gift, bequest, device, or inheritance, or which can be identified as having been acquired in exchange for property so received: *Provided,* That this deduction shall be allowed only where an estate tax under this or any prior Act of Congress was

paid by or on behalf of the estate of such prior decedent, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not. deducted under paragraphs (1) or (3) of subdivision (a) of this section. This deduction shall be made in case of the estates of all decedents who have died since September 8, 1916;

(3) The amount of all bequests, legacies, devises, or transfers, * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to·a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes. This deduction shall be made in case of the estates of all decedents who have died since December 31, 1917.

In *Seaboard National Bank of New York, Executor,* 11 B. T. A. 1386, funds of the estate derived from the sale of previously taxed property were commingled with funds derived from other sources and expenditures deductible under paragraph (1) of section 403 (a) were made therefrom. The funds from other than previously taxed property were insufficient to meet all such expenditures as made, but the present estate at the death of the decedent and at all times thereafter was of sufficient value to cover all charges against it deductible under paragraphs (1) and (3) of section 403. In holding that the deduction allowable under paragraph (2) of section 403 for previously taxed property should not be reduced to any extent on account of deductions allowed and allowable under paragraph (1), we said:

It seems clear that the purpose of the changes indicated was to prevent, among other things, the allowance of a double deduction for the same value or property, as in some cases might have occurred under the 1918 Act. This conclusion is supported by a consideration of the legislative history of section 403. * * *

If such, then, was the Congressional intent, the deduction under paragraph (2) of section 403 (a) for prior-taxed property should be an amount equal to the full value at which the property was included in the gross estate for the prior decedent and in the gross estate of the present decedent, subject to be reduced only to the extent that the allowance of such amount would result in a double deduction by reason of deductions allowed under paragraphs (1) and/or (3) for the same value.

If the value of the present estate which came into the hands of the executor at the time of the decedent's death was sufficient in amount to cover all expenditures deductible under paragraphs (1) or (3), a double deduction would not result from the allowance under paragraph (2) of an amount equal to the value at which the prior taxed property was included in the gross estates of the prior and present decedents. The statute deals with values and not with specific, earmarked pieces of property. *Elmer E. Rodenbough, Executor,* 1 B. T. A. 477, 482, and authorities cited. See also *Rodenbough* v. *United States,* 25 Fed. (2d) 13.

In considering the question again in *Arthur W. Bingham, Executor*, 15 B. T. A. 1001, we said:

In *Seaboard National Bank, Executor*, 11 B. T. A. 1386, we held that the provision in section 403 (a) (2) which prescribes that the deduction with respect to property received from a prior decedent is limited to amounts not deducted under paragraphs (1) or (3) of subdivision (a), was inserted by Congress for the purpose of preventing a double deduction; that a double deduction did not result when the estate of the decedent received from sources other than the prior decedent was greater in value than the deductions permitted by paragraphs (1) and (3); and that when the estate of decedent received from sources other than the prior decedent was in value in excess of the amount of the deductions under paragraphs (1) and (3), the whole of such deductions should be taken from such part of the estate, regardless of from what sources such items were paid.

The rule laid down in *Seaboard National Bank, Executor, supra*, was also followed in *Farmers Loan & Trust Co., Executor*, 16 B. T. A. 181 and in *Sidney L. Shannon, Executor*, 16 B. T. A. 743. Also, see *Parrott* v. *United States*, 42 Fed. (2d) 522, wherein our decision in *Seaboard National Bank, Executor, supra*, was cited with approval.

In the instant case there is no controversy as to the $67,049.39 being the amount or value of the property identified as having been received from the prior decedent, or being the amount of the value placed by the respondent on such property in determining the value of the gross estate of the prior decedent and the extent that the value of such property is included in the decedent's gross estate. Neither is there any controversy as to $39,346.39 of the $67,049.39, so identified, having been used by the petitioners in payment of debts against the decedent's estate which were claimed and allowed as deductions from the gross estate under paragraph (1) of section 403 (a) of the Act. The issue therefore is squarely presented.

Although the petitioners used previously taxed property in the amount of $39,346.39 to pay claims against the estate, the facts show that the unsold personal property of the estate from other sources out of which such claims could have been paid had a value of at least $390,000 or several times the amount of the indebtedness paid. Applying the rule in *Seaboard National Bank, Executor, supra*, followed by us in later cases, to the instant proceeding, we think that the petitioners are entitled to have as a deduction under paragraph (2) of section 403 (a) for previously taxed property the amount of $39,346.39 disallowed by the respondent.

Counsel for respondent in his brief calls attention to the language used in *Blair* v. *Dustin's Estate*, 30 Fed. (2d) 774, wherein the court affirmed our action in the case at 8 B. T. A. 919, with respect to our holding that the amount allowable as a deduction

for previously taxed property should not be reduced by the amount allowable as deductions under section 403 (a) (1) and (3) or any part thereof where one bank account was maintained in which was deposited funds received from the sale of previously taxed property and funds received from other sources and payments were made therefrom which give rise to deductions under section 403 (a) (1) and (3), provided the funds from sources other than previously taxed property were always sufficient to pay the amounts allowable as deductions under section 403 (a) (1) and (3).

While the language of the court might indicate that if it had been called upon to decide the issue presented in the instant case its decision would likely be other than ours, we think our decision here is in conformity with the intent and purpose of section 403 (a) (2) as indicated by the legislative history thereof. It is accordingly our opinion that the Commissioner was in error in refusing the deduction in question.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*